

# United States Bankruptcy Court
# for the District of Oregon

**Thomas M. Renn, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

March 30, 2016

Mr. John Albert
Sherman, Sherman, Johnnie & Hoyt, LLP
PO Box 2247
Salem, OR 97301

Mr. Mark Comstock
Garrett, Hemann, Robertson P.C.
PO Box 749
Salem, OR 97301

RE:  <u>Barker v Schelske</u>; Adversary Proceeding No. 14-6151-tmr
 Plaintiff's Motion for Supplemental Judgment For Fees and Costs

 <u>In re Craig Lyons Schelske</u>; Bankruptcy Case No. 14-61950-tmr7
 Sara Evans Barker's Amended Proof of Claim No. 21-2

Dear Counsel:

As you are aware, on August 19 and 20, 2015, the claims and counterclaims in the above-referenced adversary proceeding, two main case motions for relief, and multiple objections to proofs of claim, were tried together. On October 15, 2015, I orally announced my ruling on those matters. As part of that ruling, I held that proofs of claim Nos. 15 and 21 were allowed and fully secured by Plaintiff's[1] setoff rights, and excepted from discharge under 11 U.S.C. § 523(a)(15).[2] I also held that Plaintiff's reasonable attorney fees were recoverable under the parties' Marital Dissolution Agreement (MDA), as well as under § 506(b), with the amount of those fees to be determined in supplemental proceedings. These rulings were memorialized in a judgment in the adversary proceeding and an order in the main case, both of which were entered on November 9, 2015.

---

[1]Although I discuss main case matters in this letter, for the sake of consistency, I will refer to Mrs. Barker as "Plaintiff" and Mr. Schelske as "Defendant" throughout.

[2]Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

Plaintiff timely submitted a Motion for Supplemental Judgment in the adversary proceeding, along with a separate Cost Bill. Simultaneously, she filed Amended Proof of Claim No. 21-2 for $392,002.50, which added the subject fees and costs, as well as post-petition interest. The fee requests are supported by Mr. Albert's "Statement For Attorney Fees For Plaintiff And Declaration of Professional," which in turn attaches Mr. Albert's firm's itemized billing statements as Exhibits A and B, and Mr. John A. Day's Affidavit and his firm's itemized billing statements as Exhibit C.

Defendant objected to the fee requests, to which Plaintiff replied. On January 13, 2016, I sent a letter giving the parties fourteen (14) days to request a hearing or an opportunity for further briefing, and that otherwise I would consider the matters submitted on the record. Neither party responded. The matters are thus ripe for decision. This letter is intended to announce my ruling and will constitute my findings of fact and conclusions of law under FRCP 52, which is made applicable by FRBP 7052.

Discussion:

Plaintiff has requested a total of $97,429.94 in attorney fees and costs, plus $426.47 in other costs. The only objected-to items are the fees of Mr. Day, which total $5,371.35 incurred on dischargeability issues and $6,026.98 incurred on setoff issues. The objection is in summary form and is posited on very limited grounds.

First, Defendant argues Mr. Day was a fact witness only and, thus, no attorney fees can be charged. However, Mr. Albert's Statement and Declaration, and Mr. Day's Affidavit, along with his fee itemization, indicate Mr. Day performed legal services and was not simply a fact witness. While Mr. Day did attend the August 2015 trial and testified therein, he did not charge for that time.

Second, Defendant objects to Mr. Day's fees because "Mr. Day is not licensed in Oregon, [and] did not appear as counsel in this proceeding." Objection to Award of Attorney's Fees (Adv. Proc. Doc. No. 65) at p.2. The record indicates Mr. Day is licensed in Tennessee. It also indicates he did not file any documents, appear in court as Plaintiff's counsel, or otherwise appear in this litigation. His Affidavit and fee itemization further indicate his work was filtered through Mr. Albert, who is admitted to practice in this Court. Finally, his Affidavit, as well as his testimony at trial, reflect no reason Mr. Day would not have been admitted pro hac vice if he had requested. Under those circumstances, even though Mr. Day was not formally admitted to practice in this Court, his reasonable fees are recoverable. Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 823-826 (9th Cir. 2009); see also Turner v. Vilsack, 2016 WL 1048893, *6 (D. Or. March 14, 2016) (citing Winterrowd, non-admitted attorney's fees were recoverable under fee-shifting statute); Ogawa v. Malheur Home Tel. Co., 2011 WL 1299602 *2 (D. Or. April 1, 2011) (same, citing Winterrowd).

I further find and conclude, although not challenged by Defendant, that the subject fees are respectively reasonable under the MDA (in conjunction with Tennessee law), and § 506(b). See generally Parnham v. Parnham, 2001 WL 120734, *6 (Tenn Ct. App. Feb. 14, 2001) (incorporating standards set forth in Tennessee Rules of Professional Conduct (fka Disciplinary Rules) as incorporated by Tenn.S.Ct.R. 8, and presently set forth in Tenn. RPC 1.5); Kord

Messrs. Albert & Comstock
March 30, 2016
Page-3

Enters. II v. Cal. Commerce Bank (In Re Kord Enters. II), 139 F.3d 684, 687 (9th Cir. 1998) (setting out test under § 506(b); Pasatiempo Props. v. Le Marquis Assocs. (In re Le Marquis Assocs.), 81 B.R. 576, 578 (9th Cir. BAP 1987) (reasonableness inquiry under § 506(b) centers on whether the subject fees were incurred pursuing the kind of action a similarly situated creditor would reasonably conclude should be taken). Mr. Day is a complex litigation specialist, has been a Tennessee lawyer since 1981, and has a significant history representing Plaintiff in her disputes with Defendant. I therefore easily conclude it was more cost-effective for Mr. Day, as opposed to a member of Mr. Albert's firm, to work on issues of Tennessee and Alabama law as they related to the parties.

      Conclusion:

      Defendant's objection is overruled. All fees and expenses as requested will be allowed. I will enter a supplemental judgment in the adversary proceeding for $45,912.34 in attorney fees and costs plus $426.47 in other costs, for a total of $46,338.81. I will also enter an order in the main case allowing Amended Proof of Claim #21-2 as filed. The order will make clear that $46,338.81 of the allowed amount of that claim is represented by the supplemental judgment and that only one recovery may be obtained. The Court will prepare the judgment and order.

      Very truly yours,

      */s/ Thomas M. Renn*

      THOMAS M. RENN
      Bankruptcy Judge

TMR:vhd